### BUCK et al. v. MARTIN et al.

PURCHASE WITHOUT NOTICE—*What plea or answer must state, etc.*—In setting up a *bona fide* purchase without notice, the plea or answer must state, briefly, the contents of the deed of purchase; that the vendor was *seized in fee* and in possession; the consideration must be stated with a distinct averment that it was *bona fide* and truly paid, independently of the recital in the deed. Notice must be denied previous *to, and down to the time of paying the money* and the delivery of the deed, and, if notice is specially charged, the denial must be of *all the circumstances referred to* from which notice *can be inferred,* and it must show *how the grantor acquired title.*

*What the title must be.*—The title purchased must be apparently perfect—good at law—a vested estate in fee simple—it must be a regular conveyance.

APPEAL FROM JEFFERSON CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*Wassell & Moore* and *Bell & Carlton,* for Appellants.

We submit that, as appellants had no notice of the liens when the case was tried, the appellee's equitable lien could not be enforced against him, an innocent purchaser, without notice. *Shall vs. Biscoe,* 18 *Ark.* 142; *Scott vs. Orbison,* 21 *Ark.* 202.

McCLURE, C. J.—In January, of 1867, Lucy J. Martin, by her deed of that date, conveyed to one Thomas A. Hinton, (who is also a party defendant to this suit) certain property in the town of Pine Bluff. The consideration, named in said conveyance, is a certain forty acres of land described in said deed and one note, at twelve months, for two hundred and fifty dollars, signed by said Hinton. The complaint, of Lucy J. Martin, alleges that on the 19th day of February, 1867, the said Hinton, by a mortgage deed, conveyed said lands to the defendant, John L. Buck, to secure the payment of certain sums of money in said mortgage deed mentioned. That said mortgage deed was filed, for record, subsequent to the filing of the deed from the complainant to Hinton, and that said mortgage deed recites that there was due and payable on said

Pine Bluff property, the sum of two hundred and fifty dollars, with interest, etc. The bill concludes with a prayer for the amount of said note and interest, and that said land be sold to satisfy the same, etc.

John L. Buck is the only one of the defendants who made answer in the court below. In his answer he alleges that, about the 19th day of February, 1867, said Hinton applied to him to borrow certain moneys, and offered to execute to said respondent, (Buck) a deed of mortgage, on the Pine Bluff property, to secure the same. That he inquired as to title, and was informed by said Hinton that he had an absolute deed to said lot, given in exchange for other land; that Hinton was in possession, and, on examining the records, he could not find the deed, and therefore relied on the statements of said Hinton, and, having no information or notice of said complainant's claim or pretended lien, accepted said deed of trust in good faith and without any notice whatever of complainant's equity or lien, and denies that she had any; that when said sum of money, secured by said deed of trust, matured, and the same being unpaid, said lots of land were sold under the provisions of said deed, and the respondent became the purchaser; that he is in possession under said deed of purchase, and that he is a purchaser for a valuable consideration without notice and entitled to the protection of the court, etc.

At the hearing below, the complaint was decreed to be taken as confessed as to all of the defendants, save John L. Buck. The court further decreed a vendor's lien upon the land, hereinbefore mentioned, for $289 00, and ordered that the same be sold in default of payment. From this decree, Buck appealed to this court.

The question presented is, does the response of Buck show him to be an innocent purchaser? The rule laid down by the Supreme Court of the United States, in the case of *Boone vs. Chiles* (10 *Peters*, 177), was, that "in setting up a *bona fide* purchase without notice, by plea or answer, it must state the deed of purchase, the date, parties and contents briefly; that

the vendor *was seized in fee* and in possession; the considera-
tion must be stated with a distinct averment that it was *bona
fide* and truly paid, independently of the recital in the deed.
Notice must be denied previous *to, and down to the time of pay-
ing the money*, and the delivery of the deed, and if notice is
specially charged, the denial must be of *all the circumstances
referred to*, from which notice *can be inferred;* and the answer
or plea must show *how* the *grantor acquired title;* the title pur-
chased must be apparently perfect; good at law; a vested
estate in fee simple. It must be a regular conveyance; for
the purchaser of an equitable title holds it subject to the equi-
ties upon it in the hands of the vendor." Does the respond-
ent, Buck, bring himself within this rule? We think not.

The complaint alleges that the deed from Mrs. Martin to
Hinton recites the non-payment of two hundred and fifty
dollars of the purchase money; it also alleges that the deed
of mortgage, from Hinton to Buck, recites the non-payment
of two hundred and fifty dollars of the purchase money.
These are allegations charging notice of the existence of the
lien of the vendor. The only denial Buck makes of this
charge is, that he examined the record and found no deed
from Mrs. Martin to Hinton, and because he found no such
deed, that he relied on Hinton's statements as to title; but
there is no denial that the deed of mortgage, from Hinton to
himself, does not recite the non-payment of the two hundred
and fifty dollars. If such a recital existed in the mortgage,
it is apparent that he had notice of the existence of the
vendor's lien. In the absence of any deed upon record from
Mrs. Martin to Hinton, it is but natural that he, as a prudent
man, examined the deed itself; if he did, then the deed was
notice to him of the non-payment of a part of the purchase
money. But be this as it may, if he expects to rely upon the
fact of being an innocent purchaser, he must bring himself
within the rule. To do this, he was bound to plead the deed
from Mrs. Martin to Hinton. Had he done this, he would
have pleaded notice to himself; had he pleaded the deed of

mortgage from Hinton to himself, and this he was bound to do to bring himself within the rule, the fact would have become apparent that he had notice at the time he took his mortgage. If the deed had acknowledged the entire payment of the purchase money, and the mortgage had made no allusion to the two hundred and fifty dollars due to Mrs. Martin, and he had pleaded these things, he then would have stood before this court in the light of an innocent purchaser. Where one relies upon protection on the ground of being an innocent purchaser without notice, it is incumbent on him, who sets it up, to establish a legal title in his vendor. If, however, in doing this, he purchases an equity in some one else, he cannot plead his ignorance of that equity, to establish the fact that he is a purchaser without notice. In this case notice is specially charged; there is no denial of the circumstances referred to, in the complaint, or is there anything in the answer, showing title in either Buck or his vendor. No vested estate in fee simple has been shown to exist in Hinton, which did not also show that the purchase money had not all been paid. For these reasons, and finding no error in the proceedings of the court below, the judgment is affirmed.